UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE ADAM
GOLDMAN,

        Plaintiff

v.

RICK SNYDER, *et al.*,

        Defendants.
_____/

Case No. 2:17-cv-14093
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

## **OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MARCH 12, 2018 REQUESTS (DE 7)**

**A.**    **Background**

Plaintiff Lance Adam Goldman is currently incarcerated at the Michigan Department of Corrections (MDOC) G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan. On December 19, 2017, while incarcerated at JCF, Plaintiff filed the instant lawsuit against 17 defendants. (DE 1 at 2-5.) Plaintiff's 73 paragraph "Statement of Claim" appears to span the period from June 2017 into October 2017. (DE 1 at 6-26.) He seeks both monetary and non-monetary relief. (DE 1 at 27.)

Plaintiff is representing himself and has been granted leave to proceed *in forma pauperis*. (DEs 2, 4; *see also* DE 6.) On March 26, 2018, Judge Drain entered an opinion and order of partial dismissal and directing service. (DE 9.)

Specifically, he dismissed eight of the defendants (Rick Snyder, Heidi Washington, Melinda Bramen, Joel Salinas, Keith Barber, the State of Michigan, the Michigan Department of Corrections, and Michael Maturiak) and directed service of the complaint upon nine of the defendants (McRoberts, M. Doss, Vandenburg, Christopher Whitford, McAllister, Schneider, V. Conerly, Brockwell, and R. Richardson). To date, no Defendant has appeared.

### B. Instant Matter

Judge Drain has referred this case to me to for all pretrial proceedings. Currently before the Court is Plaintiff's March 12, 2018 filing, which is titled: "Emergency motion for 1) order to preserve evidence; and 2) blank subpoenas to obtain evidence in control of defendants." (DE 7.) Therein, Plaintiff describes alleged acts of retaliation and harassment since he filed the instant lawsuit, while specifically referencing Officer Hokanson, "second shift staff," and the dates of February 26, 2018 and March 7, 2018. (DE 7 at 2 ¶¶ 2, 3.)

### C. Discussion

Plaintiff requests an order requiring "Defendant MDOC and Heidi Washington" to "preserve the video record . . . [,]" and also seeks "subpoenas to obtain such evidence." (DE 7 at 3.) However, not only have the MDOC and Washington been dismissed as Defendants in this case but also, as noted above,

none of the remaining Defendants have yet to appear.[1]  Therefore, there is no defendant presently in a position to respond to this motion and no defendant as to whom the Court can order compliance with Plaintiff's request for video preservation.  To the extent Plaintiff is requesting a subpoena for service upon a non-party, he should address his request to the Clerk of the Court.  See Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it.  That party must complete it before service.").

To be sure, the Court acknowledges Plaintiff's desire "to obtain evidence in control of Defendant MDOC which will not otherwise be preserved[,]" and Plaintiff's allegation that the video evidence "will be destroyed, automatically recorded over, if the Court will not issue an order to Defendants for preservation of the video camera record as evidence, within 30 days."  (DE 7 at 1, DE 7 at 2 ¶ 3.)  The Court further acknowledges Plaintiff's intention to amend his complaint to include claims related to Hokanson at some point in the future.  (DE 7 at 3 ¶ 4.)  Nonetheless, at this time, without any remaining defendant having appeared, the Court has no one as to whom or no entity as to which it can require preservation of video evidence.

### D. Order

---

[1] On March 27, 2018, the United States Marshal Service acknowledged receipt of documents for service of process upon the remaining nine defendants.  (DE 10.)  Given the recent timing of this acknowledgment and the number of defendants at issue, it is fair to say that service of process as to these defendants is "ongoing."

Upon consideration, Plaintiff's requests (DE 7) are **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his requests, consistent with the findings of this Opinion, should circumstances warranting renewal arise.

Dated: April 11, 2018

s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on April 11, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti