UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE ADAM GOLDMAN,

    Plaintiff

v.

LEE MCROBERTS,
MICHAEL DOSS,
ERICK VANDENBURG,
CHRISTOPHER WHITFORD,
SCOTT MCALLISTER,
JEROLD SCHNEIDER,
VERA CONERLY,
JAMIE BROCKWELL, and
RODNEY RICHARDSON,

    Defendants.
_____/

Case No. 2:17-cv-14093
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

**<u>OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S VARIOUS MOTIONS TO AMEND AND/OR SUPPLEMENT (DEs 15, 27, 28, 29, 36); SETTING DEADLINE TO AMEND WITHOUT LEAVE; GRANTING IN PART (CONDITIONALLY) AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S REQUESTS FOR THE APPOINTMENT OF COUNSEL (DEs 34, 36, 37); and DENYING WITHOUT PREJUDICE PLAINTIFF'S SEPTEMBER 7, 2018 NOTICE AND MOTION (DE 40)</u>**

## I. OPINION

### A. Background

Plaintiff Lance Adam Goldman is currently incarcerated at the Michigan

Department of Corrections (MDOC) Baraga Correctional Facility (AMF) in

1

Michigan's Upper Peninsula. (DE 33.) On December 19, 2017, while incarcerated at the MDOC's G. Robert Cotton Correctional Facility (JCF), Plaintiff filed the instant lawsuit against 17 defendants. (DE 1 at 2-5.) Plaintiff's 73-paragraph "Statement of Claim" appears to span the period from June 26, 2017 into October 2017. (DE 1 at 6-26.) He seeks both monetary and non-monetary relief. (DE 1 at 27.)

Until very recently, Plaintiff was representing himself and has been granted leave to proceed *in forma pauperis*. (DEs 2, 4; *see also* DE 6.) On September 17, 2018, attorney Daniel Manville entered a limited appearance to engage in discovery on Plaintiff's behalf. (DE 42.)

On March 26, 2018, Judge Drain entered an opinion and order of partial dismissal and directing service. (DE 9.) Specifically, he dismissed eight of the defendants (Rick Snyder, Heidi Washington, Melinda Bramen, Joel Salinas, Keith Barber, the State of Michigan, the Michigan Department of Corrections, and Michael Maturiak) and directed service of the complaint upon nine of the defendants (McRoberts, M. Doss, Vandenburg, Christopher Whitford, McAllister, Schneider, V. Conerly, Brockwell, and R. Richardson). Each of the remaining nine Defendants is alleged to be employed at the MDOC's Parnall Correctional Facility (SMT) in Jackson, Michigan. (DE 1 at 2-5.)

On April 11, 2018, the Court entered an opinion and order denying without prejudice Plaintiff's March 12, 2018 requests to preserve evidence and to issue blank subpoenas, noting, in part, that none of the remaining defendants had yet to appear. (DE 11.) On May 22, 2018, the Michigan Department of Attorney General entered an appearance on behalf of the nine remaining Defendants. (DE 12.)

### B. Pending Matters

Judge Drain has referred this case to me to for all pretrial proceedings. (DEs 8, 39.) Currently pending before the Court are several motions, which are titled as follows:

- Plaintiff's May 24, 2018 motion for appropriate relief (DE 14)

- Plaintiff's May 24, 2018 motion to supplement complaint (DE 15)

- Plaintiff's June 4, 2018 objections to Defendants' motion for enlargement of time ([DE 13]);

- Plaintiff's motion for immediate consideration (DE 17)

- Plaintiff's June 26, 2018 motion to supplement complaint (DE 27)

- Plaintiff's June 29, 2018 motion to clarify the supplemental complaint (DE 28)

- Plaintiff's July 5, 2018 motion to supplement complaint (DE 29), shortly after which Plaintiff filed an "affidavit in support of complaint" (DE 30)

- Plaintiff's August 9, 2018 emergency report, which concerns the alleged events of July and August 2018;

- Plaintiff's August 9, 2018 motion to appoint counsel (DE 34)

- Plaintiff's August 15, 2018 motion to sanction and disqualify Attorney General (DE 35), regarding which the MDOC Defendants have filed a response (DE 38) and Plaintiff has filed a reply (DE 41)

- Plaintiff's August 20, 2018 motion for preliminary injunction, motion to amend complaint, motion to appoint counsel (DE 36)

- Plaintiff's August 27, 2018 motion to appoint counsel (DE 37)

- Plaintiff's September 7, 2018 notice of subpoenas, and motion for hearing to obtain, submit, and preserve evidence in possession of "third-party" MDOC (DE 40)

- Plaintiff's September 10, 2018 motion for expedited hearing and notice of subpoena and request for hearing (DE 41), which is basically associated with Plaintiff's aforementioned motion to sanction and disqualify the Attorney General (DE 35)

**C. Discussion**

**1. Motions to amend and/or supplement the complaint**

Plaintiff's first motion to supplement, which he filed while incarcerated at JCF, seeks to "add defendants and facts occurring subsequent to" the filing of his original complaint. (DE 15 at 1.) The alleged facts underlying his proposed pleading begin on October 2, 2017 and continue through December 2017, and his proposed supplemental complaint seeks to

add approximately 8 defendants (**2 or more associated with the Duane Waters Hospital (DWH) in Jackson, MI; 1 MDOC Hearing Investigator, described as located in Jackson, MI; 3 located in Lansing, MI; and 2 associated with Jackson County's Fourth Circuit Court**), some of whom were dismissed by this Court earlier this year with respect to the original complaint. (DE 15 at 2-12; *see also* DE 9.) In addition, Plaintiff attaches 94 pages of exhibits. (DE 15 at 13-100, DE 15-1 at 1-6.)

Plaintiff's second motion to supplement complaint, which he filed while incarcerated at JCF, seeks to allege facts and claims "against additional defendants which have occurred since the filing of the original complaint." (DE 27 at 1.) The alleged facts underlying his proposed pleading occurred during June 2018, and his proposed supplemental complaint seeks to add two defendants (Sergeant Baker and Hatatu Elum), each of whom is located at JCF. (DE 27 at 2-8.) In addition, Plaintiff attaches 28 pages of exhibits, including a copy of a misconduct report issued by Hatatu Elum concerning "creating a disturbance" and being "out of place" on June 13, 2018. (DE 27 at 9-36.) Relatedly, he has filed a "motion to clarify the supplemental complaint," to which Plaintiff attaches the June 22, 2018 statement of Eric Wayne Vanderyacht and within which Plaintiff mentions a June 26, 2018 misconduct hearing at which he was allegedly

5

"found not guilty of both charges of 'creating a disturbance and out of place.'" (DE 28 at 1-5).

Plaintiff's third motion to supplement complaint, which he filed while incarcerated at JCF, seeks to "supplement the complaint with facts and circumstances[] that have occurred since the filing of the original complaint[.]" (DE 29 at 1.) He attaches a proposed supplemental complaint, which concerns the events of June 2018 and which seeks to add one defendant – ARUS B. Doss of JCF. (DE 29 at 2-8.)[1]

Plaintiff's August 20, 2018 motion – filed while incarcerated at AMF - combines requests for injunctive relief, to amend his complaint, and to appoint counsel. (DE 36 at 1-4.) He attaches a proposed "hybrid" complaint, which includes a petition for writ of habeas corpus, names 48 defendants of various locations (such as SMT, JCF, OCF, and AMF), and contains a 162-paragraph statement of claims concerning, among other things:

- the events of July 2017 through September 2017 at SMT (DE 36 ¶¶ 5-44)

---

[1] On or about July 17, 2018, Plaintiff's address changed to Ojibway Correctional Facility (OCF), which is located in Michigan's Upper Peninsula. (DE 31.) On or about July 31, 2018, Plaintiff's address changed to AMF, which is also located in Michigan's Upper Peninsula. (DE 33.) The Court is appreciative that Plaintiff has kept it informed of his address changes, and he is reminded of his duty to do so in the future.

- his October 2, 2017 transfer to JCF, where it appears he remained until July 16, 2018 (DE 36 ¶¶ 45-94.)

- his July 16, 2018 – July 19, 2018 stay at OCF (DE 36 ¶¶ 95-106, 109-112, 147)

- his July 19, 2018 transfer from OCF to AMF "for suicide watch" (DE 36 ¶¶ 148)

- his July 25, 2018 transfer from AMF to OCF (DE 36 ¶¶ 107-108, 113-150)

- July 30, 2018 – August 8, 2018 at AMF (DE 36 ¶¶ 135-143, 148.)

(DE 36 at 5-79.) Attached to the proposed pleading are 63 pages of exhibits. (DE 36 at 80-110, DE 36-1 at 1-32.)

Upon consideration, Plaintiff's motions to amend and/or supplement his original pleading, as presented, will be denied without prejudice. First, based on the date Plaintiff filed his original complaint, none of these attempts to amend and/or supplement occurred within "21 days after serving it[.]" Fed. R. Civ. P. 15(a)(1)(A). Second, to the extent Plaintiff's August 20, 2018 "hybrid" motion was filed within "21 days after service of a responsive pleading . . . [,]" Fed. R. Civ. P. 15(a)(1)(B), in this case, the July 31, 2018 answer, *the attempt to supplement* requires the Court's permission. (DE 32, DE 36.) *See* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental

pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."); *In re: Regions Morgan Keegan Sec., Derivative v. Morgan Asset Mgmt., Inc.*, No. 08-2260, 2010 WL 11441471, at *3 (W.D. Tenn. Jan. 4, 2010) ("Although a party may amend its pleading once as a matter of right up to twenty-one days after service of a responsive pleading, a party may not file a supplemental complaint without the permission of the Court.").

Given Plaintiff's counsel's recent limited appearance "to engage in discovery[,]" (DE 42), the prudent approach is to permit Plaintiff a period (following at least some discovery) in which *to amend <u>one time</u>* without seeking leave, *after which he must seek leave to amend or to supplement*. Plaintiff is cautioned that any attempt seeking leave to amend or to supplement should comply with the Federal Rules of Civil Procedure, particularly Fed. R. Civ. P. 8(a) ("Claim for Relief."), Fed. R. Civ. P. 10 ("Form of Pleadings"), and Fed. R. Civ. P. 15 ("Amended and Supplemental Pleadings"), as well as the Local Rules of the Eastern District of Michigan, such as E.D. Mich. LR 15.1 ("Form of a Motion to Amend and Its Supporting Documentation").

Furthermore, given Plaintiff's above-described, latest attempt to supplement – which seems to cover a 12 month period involving 4 facilities

8

and approximately 48 defendants (DE 36 at 5-79) – Plaintiff is reminded that there are differences between *amendments* and *supplements* under Fed. R. Civ. P. 15. If Plaintiff chooses to file *a one-time amendment* by the date set forth below, he is cautioned that any attempt at that time to expand the scope of his original complaint without the Court's permission will be stricken from the record. This would include events occurring before June 26, 2017 (*see* DE 1 at 6) or after his December 19, 2017 original complaint was filed (*see* Fed. R. Civ. P. 15(d)), as well as any additional Defendants and locations associated with an expanded time period. The same would be true of any attempt Plaintiff makes to bring a "hybrid" complaint adding a true 28 U.S.C. § 2254 petition for a writ of *habeas corpus*.[2] In sum, as the Undersigned has previously stated, "parties are not entitled to join multiple defendants in a single suit when the claims are unrelated." *Townsend v. Rhodes*, No. 4:14-CV-10411, 2015 WL 5336630, at *3 (E.D. Mich. Sept. 14, 2015). "The law is clear, under Fed. R. Civ. P. 21, which governs misjoinder and nonjoinder of parties, that unrelated claims by prisoners

---

[2] *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.") (internal footnote omitted).

against different defendants belong in different lawsuits." *Id.* (citation omitted).

### 2. Motions for counsel and/or to conduct discovery

Plaintiff has also filed several requests for the appointment of counsel, some of which bear upon discovery. For example, Plaintiff's August 20, 2018 filing, in part, seeks the appointment of counsel. (DE 36 at 1, 4.) Also, Plaintiff's August 27, 2018 motion to appoint counsel is based upon alleged injury to his wrists from handcuffs, pain while writing, and the State of Michigan not providing him a typewriter. (DE 37 at 1.) Therein, Plaintiff claims that he is "not going to be able to continue to write," "there is much discovery motions and pretrial things still to be done," and he will "not . . . be able to." (*Id.*)

Next, Plaintiff seeks "to obtain, submit, and preserve evidence in possession of third-party [MDOC][.]" (DE 40 at 1.) Plaintiff believes that the MDOC "only preserves video recordings . . . for about '90 days[.]'" (DE 40 at 2.) Stated otherwise, Plaintiff seeks "to preserve, submit, or otherwise enforce the subpoenas attached." (*Id.*) Attached to this motion are various subpoenas directed to now non-party MDOC and issued during August 2018, to which it appears were attached requests for video/audio recordings. (DE 40 at 4-28.) Plaintiff requests that the Court set this matter for hearing

and issue a "writ for [him] to be present by any means necessary[.]" (DE 40 at 29.)

In light of attorney Daniel E. Manville's recent, limited appearance "to engage in discovery," Plaintiff's requests for the appointment of counsel (DEs 36, 37) will be conditionally granted to the extent they are consistent with counsel's limited appearance, and denied without prejudice beyond that. If and when attorney Manville completes his service, Plaintiff may file another motion for appointment of counsel. Likewise, Plaintiff's discovery-related motion (DE 40) will be denied without prejudice, as he now has counsel's assistance to conduct discovery.

## II. ORDER

Upon consideration, Plaintiff's motions to amend and/or supplement (DEs 15, 27, 28, 29, 36) are **DENIED WITHOUT PREJUDICE**. No later than **Wednesday, October 31, 2018**, Plaintiff may *amend* his original complaint (DE 1) without leave, paying careful attention to the guidance set forth above so that he does not supplement his complaint, which is an act that requires the Court's permission. Also, Plaintiff's requests for the appointment of counsel (DEs 36, 37) are **CONDITIONALLY GRANTED** for the purpose of engaging in discovery, and **DENIED WITHOUT PREJUDICE** to being refiled after the completion of

attorney Manville's service.  Plaintiff's September 7, 2018 notice and motion (DE 40) are **DENIED WITHOUT PREJUDICE**.

Plaintiff's May 24, 2018 motion for appropriate relief (DE 14), his June 4, 2018 objections and motion (DE 17), his August 9, 2018 emergency filing (DE 34), his August 15, 2018 motion to sanction and disqualify Attorney General (DE 35), his August 20, 2018 filing *to the extent it is a motion for preliminary injunction* (DE 36), and his September 10, 2018 motion for expedited hearing and notice of subpoena and request for hearing (DE 41) remain pending and will be addressed under separate cover, although, in the interest of judicial economy, attorney Manville is directed to inform the Court in writing whether Plaintiff will withdraw any or all of these motions on or before **October 17, 2018**, after he has had a chance to confer with and render advice to Mr. Goldman.

Dated: September 24, 2018      *s/Anthony P. Patti*
　　　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE