UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE ADAM GOLDMAN,

        Plaintiff

v.

LEE MCROBERTS,
MICHAEL DOSS,
ERICK VANDENBURG,
CHRISTOPHER WHITFORD,
SCOTT MCALLISTER,
JEROLD SCHNEIDER,
VERA CONERLY,
JAMIE BROCKWELL, and
RODNEY RICHARDSON,

        Defendants.
_____/

Case No. 2:17-cv-14093
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

### OPINION AND ORDER DENYING MOTION FOR APPROPRIATE RELIEF (DE 14) and DENYING PLAINTIFF'S OBJECTIONS AND MOTION FOR IMMEDIATE CONSIDERATION (DE 17)

**I.    OPINION**

    **A.    Background**

Plaintiff Lance Adam Goldman is currently incarcerated at the Michigan Department of Corrections (MDOC) Baraga Correctional Facility (AMF) in Michigan's Upper Peninsula. (DE 33.) On December 19, 2017, while incarcerated at the MDOC's G. Robert Cotton Correctional Facility (JCF), Plaintiff filed the instant lawsuit against 17 defendants. (DE 1 at 2-5.) Plaintiff's 73-paragraph

1

"Statement of Claim" appears to span the period from June 26, 2017 into October 2017. (DE 1 at 6-26.) He seeks both monetary and non-monetary relief. (DE 1 at 27.)

Until very recently, Plaintiff was representing himself and has been granted leave to proceed *in forma pauperis*. (DEs 2, 4; *see also* DE 6.) On September 17, 2018, attorney Daniel Manville entered a limited appearance to engage in discovery on Plaintiff's behalf. (DE 42.)

On March 26, 2018, Judge Drain entered an opinion and order of partial dismissal and directing service. (DE 9.) Specifically, he dismissed eight of the defendants (Rick Snyder, Heidi Washington, Melinda Bramen, Joel Salinas, Keith Barber, the State of Michigan, the Michigan Department of Corrections, and Michael Maturiak) and directed service of the complaint upon nine of the defendants (McRoberts, M. Doss, Vandenburg, Christopher Whitford, McAllister, Schneider, V. Conerly, Brockwell, and R. Richardson). Each of the remaining nine Defendants is alleged to be employed at the MDOC's Parnall Correctional Facility (SMT) in Jackson, Michigan. (DE 1 at 2-5.) On May 22, 2018, the Michigan Department of Attorney General entered an appearance on behalf of the nine remaining Defendants. (DE 12.)

**B.     Pending Matters**

Judge Drain has referred this case to me to for all pretrial proceedings. (DEs 8, 39.) Currently pending before the Court are several motions, which are titled as follows:

- Plaintiff's May 24, 2018 motion for appropriate relief (DE 14)

- Plaintiff's motion for immediate consideration (DE 17)

- Plaintiff's August 15, 2018 motion to sanction and disqualify Attorney General (DE 35), regarding which the MDOC Defendants have filed a response (DE 38) and Plaintiff has filed a reply (DE 41)

- Plaintiff's August 20, 2018 motion for preliminary injunction, motion to amend complaint, motion to appoint counsel (DE 36)

- Plaintiff's September 10, 2018 motion for expedited hearing and notice of subpoena and request for hearing (DE 41), which is basically associated with Plaintiff's aforementioned motion to sanction and disqualify the Attorney General (DE 35)

In addition, Plaintiff has filed a "notice of dis[s]atisfaction with Attorney Daniel Manville's representation [and] request to act as co-counsel[,]" (DE 45), regarding which Attorney Manville has filed a response (DE 46).

### C. Discussion

#### 1. Plaintiff's May 24, 2018 motion (DE 14)

Plaintiff has filed a "motion for appropriate relief." (DE 14; *see also* DE 16.) He claims he has been "denied parole solely due to the false misconduct report made by Defendant Captain Doss," presumably the one

issued on October 2, 2017 for threatening behavior for which a hearing was conducted on October 11, 2017 and regarding which Hearing Officer Michael Marutiak found Plaintiff guilty and assigned him to 10 days detention and 30 days loss of privileges. (DE 14 at 1, DE 1 at 87, 95-96.) On or about November 30, 2017, Hearings Administrator Richard Russell disapproved Plaintiff's request for rehearing. (DE 1 at 97-98.) Plaintiff claims he was "denied a fair hearing and investigation," and contends that "the state hearing officer and appeals director's findings were against the weight of the evidence and clearly violated [his] due process rights." (DE 14 at 1-2.)

Plaintiff also claims he has "been deprived of access to the State Courts," and is "being denied access to state judicial review by the state." (DE 14 at 1-2.) This seems to be a reference to the following state statute regarding judicial review:

> Within 60 days after the date of delivery or mailing of notice of the decision on the motion or application for the rehearing, if the motion or application is denied or within 60 days after the decision of the department or hearing officer on the rehearing, a prisoner aggrieved by a final decision or order may file an application for direct review in the circuit court in the county where the petitioner resides or in the circuit court for Ingham county.

Mich. Comp. Laws Ann. § 791.255(2).

Plaintiff's motion (DE 14) will be denied. He asks the Court to "exercise jurisdiction over [his] state law claims, judicially review the class 1 misconduct report, and remand or reverse and dismiss same." (DE 14 at 1.) However, Plaintiff has not identified the state law claims – presumably within his original complaint (DE 1) – regarding which he seeks this Court's intervention. Moreover, Mich. Comp. Laws § 791.255(2) provided Plaintiff up to approximately January 29, 2018 (60 days from November 30, 2017) by which to file an application for direct review in state circuit court. To the extent Plaintiff claims in his June 4, 2018 filing that he "has been deprived by the State of Michigan and [JCF] mailroom staff . . . [of] judicial review of said misconduct report[,]" (DE 17 at 2), it is not clear how state judicial review was hampered during the 60 day-period between November 30, 2017 and January 29, 2018. If Plaintiff's December 19, 2017 original complaint, contains an access to courts claim, it will be addressed through dispositive motion practice.

### 2. Plaintiff's June 4, 2018 motion (DE 17)

In a single paper dated May 27, 2018 but filed on June 4, 2018, Plaintiff has submitted objections to Defendants' May 22, 2018 motion for enlargement of time in which to file a responsive pleading (DE 13) and a motion for immediate consideration. (DE 17.) The objection will be denied

as moot, in light of the Court's May 31, 2018 text order granting Defendants' motion for extension of time (and subsequent, timely answer).  (*See* DE 32).  The motion for immediate consideration of "the motions  presently pending[,]" will be denied at this time.  Only two motions were pending when Plaintiff's motion was filed on June 4, 2018.  The Court granted one of those motions on September 24, 2018 (DEs 15, 43), and the other motion is addressed above (DE 14).

## II. ORDER

For the reasons stated above, Plaintiff's May 24, 2018 motion for appropriate relief (DE 14) is **DENIED.**  Additionally, Plaintiff's June 4, 2018 objections and motion (DE 17) are **DENIED**.

Plaintiff's August 15, 2018 motion to sanction and disqualify Attorney General (DE 35), his August 20, 2018 filing *to the extent it is a motion for preliminary injunction* (DE 36), and his September 10, 2018 motion for expedited hearing and notice of subpoena and request for hearing (DE 41) remain pending and will be addressed under separate cover.  In addition, the Court will take up for consideration Plaintiff's notice and request (DE 45) and Attorney Manville's response thereto (DE 46) forthwith.

Dated:  September 24, 2018       s/*Anthony P. Patti*
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on October 24, 2018, electronically and/or by U.S. Mail.

s/Michael Williams<br>
Case Manager for the<br>
Honorable Anthony P. Patti