UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE ADAM GOLDMAN,

    Plaintiff

v.

LEE MCROBERTS,
MICHAEL DOSS,
ERICK VANDENBURG,
CHRISTOPHER WHITFORD,
SCOTT MCALLISTER,
JEROLD SCHNEIDER,
VERA CONERLY,
JAMIE BROCKWELL, and
RODNEY RICHARDSON,

    Defendants.
_____/

Case No. 2:17-cv-14093
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S AUGUST 20, 2018 MOTION FOR PRELIMINARY INJUNCTION (DE 36)

**I.   RECOMMENDATION:** The Court should **DENY** Plaintiff's August 20, 2018 motion to the extent it seeks injunctive relief in the form of an order requiring MDOC officials to transfer him to a Lower Peninsula correctional facility.

**II.   REPORT:**

    **A.   Background**

Lance Adam Goldman is currently in the MDOC's custody, where he is serving sentences imposed on March 8, 2016 for false pretenses. Case No.

1

150503-FH (Kalamazoo County).[1]  Plaintiff filed this lawsuit in December 2017, at which point he was incarcerated at the G. Robert Cotton Correctional Facility (JCF), one of the MDOC's 24 Lower Peninsula correctional facilities.  *See* www.michigan.gov/corrections.  Although Plaintiff has sought to supplement his complaint on several occasions, the original complaint remains the operative pleading.  (DE 43.)

Plaintiff claims that on July 16, 2018, approximately 7 months after he filed this lawsuit, he was transferred from JCF to one of seven MDOC correctional facilities in Michigan's Upper Peninsula.  (DE 36 ¶¶ 45, 95.)  It appears he has remained in Upper Peninsula facilities since that time.  (DEs 31, 33, 43 at 7, & 52.)

### B.     Instant Motion

Judge Drain has referred this case to me, most recently for all pretrial proceedings.  (DE 53.)  Currently before the Court is Plaintiff's three-part motion, which is dated August 15, 2018 and was filed on August 20, 2018.  To the extent this is a motion to amend or a motion to appoint counsel, these matters were addressed by the Court's September 24, 2018 order.  (DE 43.)

Accordingly, this report concerns only the motion for preliminary injunction. Specifically, Plaintiff requests "preliminary injunctive relief of an order to MDOC

---

[1] *See* www.michigan.gov/corrections, "Offender Search."

officials to transfer [him] to a facility not in the Upper Peninsula[,]" as well as "other preliminary injunctive relief as the Court deems just[.]" (DE 36 at 4 ¶¶ 1-2.)

### C. Discussion

#### 1. Plaintiff's motion for preliminary injunction is unopposed.

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). "A response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. 7.1(e)(1)(B). Thus, any response by Defendants to Plaintiff's August 20, 2018 motion for preliminary injunction was due on or about September 10, 2018.

To date, the MDOC Defendants have not filed a response to Plaintiff's motion for preliminary injunction.[2] Therefore, the instant motion for preliminary injunction is unopposed. While the Court may consider granting the motion as unopposed, *see Fed. Trade Comm'n v. Nat'l Testing Servs., LLC*, No. 3:05-0613, 2005 WL 2000634, at *1 (M.D. Tenn. Aug. 18, 2005) (granting as unopposed plaintiff's motion for preliminary injunction as to certain defendants), this report proceeds to analyze Plaintiff's request on its merits.

---

[2] Although Defendants' August 29, 2018 filing (DE 38) was docketed as a response to Plaintiff's August 20, 2018 filing (DE 36), it was substantively a response to Plaintiff's August 15, 2018 motion (DE 35), which is being addressed under separate cover.

3

### 2. Nonetheless, the Court should deny Plaintiff's motion for preliminary injunction.

Plaintiff claims that, since he filed this case, MDOC employees have continued to retaliate against him and that his various "supplemental" pleadings "have kept the Court apprised . . . of what has been . . . committed against [him] since the filing of [his] original complaint[.]"  (DE 36 at 1.)  Nonetheless, the Court should deny Plaintiff's request for injunctive relief, namely because he has not shown "a substantial probability of success on the merits of his 42 U.S.C. § 1983 action," or that "irreparable injury will occur absent the injunction." *Lambert v. Compton*, 848 F.2d 192 (6th Cir. 1988) (citing *Frisch's Restaurant, Inc. v. Shoney's, Inc.,* 759 F.2d 1261, 1263 (6th Cir.1985)).

### a. Whether there is a substantial probability of success on the merits of Plaintiff's Section 1983 claims against the remaining Defendants?

Each of the remaining nine Defendants is alleged to be employed at the MDOCs Parnall Correctional Facility (SMT) in Jackson, Michigan, i.e., a Lower Peninsula facility.  (DE 1 at 2-5, DE 9.)  The instant motion for preliminary injunction is primarily concerned with incarceration in the Upper Peninsula and, thus, is not focused on Plaintiff's "success on the merits" of his civil rights action against the SMT Defendants.  Therefore, at least within Plaintiff's August 20, 2018

motion, Plaintiff has not shown a "substantial probability of success" on the merits of his Section 1983-based claims against the remaining Defendants.

### b. Will irreparable injury occur absent the requested injunction?

#### i. Property, sexual assault, torture and rape

According to Plaintiff, his lawsuit, grievances and many complaint letters to MDOC supervisory officials have "finally led to [him] being essentially robbed by MDOC of all of [his] property," without due process, "sexually assaulted, tortured, and even raped[.]" (DE 36 at 1-2.) However, Plaintiff has not specified the type of property allegedly stolen within the instant motion.[3] Nor does he include details of the alleged sexual assault, torture and rape.[4]

#### ii. Parole

---

[3] Perhaps Plaintiff is referring to property confiscated on July 19, 2018 (the day he was transferred from OCF to AMF), which purportedly included a long list of items. (DE 35 at 2-3 ¶ 3, DE 36 ¶ 148, DE 38-5 at 2.) If so, they have been addressed in the Court's order concerning Plaintiff's motion to sanction and disqualify. (DEs 35, 58.)

[4] To the extent Plaintiff intended to refer to the allegations set forth in his August 9, 2018 emergency report (DE 34), the Court suggested that Plaintiff address his emergency concerns with counsel (see DE 44), and Plaintiff's counsel limited appearance covers "discovery purposes for matters related to Plaintiff's allegations of sexual assault." (DE 46 ¶ 7, DE 49 at 2.) The Court anticipates that Attorney Manville will not refrain from alerting it to any evidence he uncovers in support of the rape and torture allegations, which the Court has every reason to believe he is duly investigating.

As another court has observed, on March 8, 2016, Plaintiff received "concurrent sentences of ten months to seven years, six months for each offense." *See also Goldman v. Barrett*, No. 1:17-CV-506, 2018 WL 3029088, at *1 (W.D. Mich. Feb. 5, 2018), *report and recommendation adopted*, No. 1:17-CV-506, 2018 WL 2425982 (W.D. Mich. May 30, 2018). Thus, at the time he filed the instant August 20, 2018 motion, Plaintiff had served approximately 2 years and 5 months.

Plaintiff claims he has been reclassified from Level I to Level V overnight, "with no chance of ever being paroled[.]" (DE 36 at 3.)[5] The basis for his claim that he will not have a chance at parole is unclear. Moreover, "[i]n Michigan, the decision to grant or deny parole is left to the discretion of the parole board." *Echlin v. Boland*, 111 F. App'x 415, 417 (6th Cir. 2004). In the absence of detail from Plaintiff, it is not this Court's job to scour parole-related MDOC Policy Directives – such as MDOC PD 06.05.100 ("Parole Guidelines"), 06.05.103 ("Parole Eligibility/Lifer Review Reports") and 06.05.104 ("Parole Process") – to determine what effect, if any, the non-party Upper Peninsula Correctional Officers' alleged actions have had upon Plaintiff's eligibility for parole. *See also White v. Corr. Med. Servs.*, No. 1:08-CV-277, 2009 WL 529082, at *3 (W.D. Mich. Mar. 2,

---

[5] The Court suspects that Plaintiff is referring to his July 2018 transfers from OCF to AMF, which the MDOC Defendants contend were for "mental health needs/suicide constant observation." (DE 36 at 3; *see also* DE 35 at 3, DE 38-5 at 2, 4.)

6

2009) ("to the extent Plaintiff's Complaint alleges that the major misconduct tickets will prevent him from obtaining parole, such speculative and theoretical harm does not warrant preliminary equitable relief. The decision to grant or deny parole is left to the discretion of the Michigan Parole Board, *see* M.C.L. §§ 791.234, 791.235, and this Court is in no position to speculate what the Parole Board may or may not do at a future hearing.").

### iii. Being framed, retaliation, and threats to his life

Plaintiff claims that several correctional officers at Baraga Correctional Facility (AMF) have told Plaintiff that he is "never getting out," because "they have the power to frame [him] for more crimes, and probably will." (DE 36 at 3.) According to Plaintiff, he has remained in prison for three years, because he has "exercised [his] rights to appeal and grieve, and complain." (*Id.*) Finally, Plaintiff claims there have been "threats on [his] life by MDOC staff," and he believes that, so long as he is in the Upper Peninsula, he "will be killed, somehow, by MDOC, [AMF] staff." (*Id.*)

However, the conclusory nature of these allegations does not operate in favor of requiring the injunctive transfer he seeks. *See Sublett v. Bryant*, No. 5:15-CV-16-JMH-REW, 2015 WL 5972427, at *2 (E.D. Ky. Oct. 14, 2015) ("Plaintiff's conclusory allegation that he would suffer irreparable injury in the absence of an injunction is insufficient. The relief that Plaintiff seeks is purely speculative—to

7

be free from retaliation if he files future grievances. It is well established that injunctive relief should not issue where the claimed irreparable damage is speculative or may never occur."). *See also Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (in considering entry of a stay, "the harm alleged must be both certain and immediate, rather than speculative or theoretical.").

### iv.    Summation

To be clear, this report and recommendation does not address Plaintiff's allegations as they appear in the attached proposed hybrid complaint and its attached exhibits, as that request to supplement was addressed in a previous Court order. (DE 36 at 5-110, DE 36-1 at 1-31, DE 43.) In fact, the Court will not treat the "Hybrid Complaint" attached to Plaintiff's motion (DE 36 at 5-110) as the operative pleading in this case. This report and recommendation only addresses Plaintiff's motion to the extent it seeks a preliminary injunction (DE 36 at 1-4), and, as set forth above, Plaintiff's allegations lack detail, are unclear, are conclusory, and/or are speculative in nature. Therefore, Plaintiff has not shown irreparable injury in the absence of the requested injunction, *i.e.*, transfer to a Lower Peninsula MDOC facility.

### D. Conclusion

"Because the realities of running a penal institution are complex and difficult," the Supreme Court has "recognized the wide-ranging deference to be accorded the decisions of prison administrators." *Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 126 (1977). As the Sixth Circuit has cautioned, "we should not get into the business of second-guessing prison transfer decisions." *Mandela v. Campbell*, No. 97-5712, 1999 WL 357825, *3 (6th Cir. May 26, 1999) ("Transfer to the general population of another penal institution . . . is, as we have said, simply one of the ordinary incidents of prison life. It cannot rise to the level of an 'adverse action' because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights."). *See also Barhite v. Sumner*, No. 12-13722, 2013 WL 6569861, at *3 (E.D. Mich. Aug. 22, 2013) (Whalen, M.J.) ("this Court is ill-equipped to micro-manage inmate discipline or second-guess decisions of prison personnel."), *report and recommendation adopted*, No. 12-CV-13722, 2013 WL 6569593 (E.D. Mich. Dec. 13, 2013) (Drain, J.); *Leibowitz v. U.S., Dep't of Justice, Bureau of Prisons*, 729 F. Supp. 556, 563 n.4 (E.D. Mich. 1989) (Cohn, J.) ("the discretion of prison officials over transfer, assignment, and classification of prisoners is plenary and the courts may not second guess them.") (citing, *e.g.*, *Meachum v. Fano,* 427 U.S. 215 (1976)), *aff'd sub nom. Leibowitz v. United States*, 914 F.2d 256 (6th Cir. 1990). The Court

should not second-guess the July 2018 transfers at issue here. Although the record in this case does not appear to contain the transfer order associated with Plaintiff's alleged July 16, 2018 transfer from JCF to OCF, his July 2018 transfers from OCF to AMF appear to have been for "mental health needs/suicide constant observation." (DE 38-5 at 2, 4.)

Notwithstanding the fact that Plaintiff's request for transfer from an MDOC Upper Peninsula correctional facility to an MDOC Lower Peninsula correctional facility is unopposed, he has not shown either: **(1)** a substantial probability of success on the merits of his Section 1983 claims against the remaining Defendants (all of whom are alleged to be employed at SMT, a Lower Peninsula facility); or, **(2)** that irreparable injury will occur absent the requested injunction. Therefore, the Court should **DENY** his August 20, 2018 motion for preliminary injunction. (DE 36.)

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others

with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: November 27, 2018          s/*Anthony P. Patti*
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on November 27, 2018, electronically and/or by U.S. Mail.

                                             s/Michael Williams
                                             Case Manager for the
                                             Honorable Anthony P. Patti