UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE ADAM GOLDMAN,

    Plaintiff

v.

LEE MCROBERTS,
MICHAEL DOSS,
ERICK VANDENBURG,
CHRISTOPHER WHITFORD,
SCOTT MCALLISTER,
JEROLD SCHNEIDER,
VERA CONERLY,
JAMIE BROCKWELL, and
RODNEY RICHARDSON,

    Defendants.
_____/

Case No. 2:17-cv-14093
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

## ORDER REGARDING PLAINTIFF'S DECEMBER 3, 2018 FILINGS (DE 61, DE 62) and DENYING PLAINTIFF'S MOTION FOR A REDACTED REPORT (DE 66)

### A.    Plaintiff's *pro se* original complaint is the operative pleading.

Plaintiff is currently incarcerated at the MDOC's Chippewa Correctional Facility (URF).[1]  He filed this lawsuit *in pro per* on December 19, 2017, while he was incarcerated at the MDOC's G. Robert Cotton Correctional Facility (JCF).  On March 26, 2018, the Court entered an opinion and order of partial dismissal and

---

[1] *See* www.michigan.gov/corrections, "Offender Search" (last visited Feb. 4, 2019).

1

directing service. (DE 9.) Each of the remaining nine Defendants is alleged to be employed at the MDOCs Parnall Correctional Facility (SMT) in Jackson, Michigan, *i.e.*, a Lower Peninsula facility. (DE 1 at 2-5, DE 9.)

On September 24, 2018, the Court denied without prejudice several motions to amend and/or supplement. (DE 43.) In part, the order provided: "No later than Wednesday, October 31, 2018, Plaintiff may amend his original complaint (DE 1) without leave, paying careful attention to the guidance set forth above so that he does not supplement his complaint, which is an act that requires the Court's permission." (DE 43 at 11.) Neither of the matters that Plaintiff filed by that date were amended complaints. (*See* DE 50 and 52.) As such, the original complaint is the operative pleading in this case.

**B.    Plaintiff's counsel has entered a limited appearance.**

Plaintiff's counsel entered a limited appearance, which has since been modified as "only for discovery purposes for matters related to Plaintiff's allegations of sexual assault[,]" while Plaintiff was permitted to conduct discovery "for all matters unrelated to the alleged sexual assault." (DE 42, DE 49 at 2). On the same day that counsel's appearance was modified, the Court also entered a stipulation and protective order, which contained a "CONFIDENTIAL-FOR ATTORNEY EYES ONLY" provision. (DE 48 at 4.)

**C.    There are several matters that warrant the Court's attention.**

Judge Drain has referred this case to me to for all pretrial proceedings. Currently before the Court are several matters that warrant the Court's attention, which include Plaintiff's December 3, 2018 "Complaint against Alger CF [LMF] Hearing Investigator" (DE 61) and "Report of unconstitutional acts of [LMF] mailroom staff/complaint" (DE 62).

Also before the Court is Plaintiff's January 16, 2019 motion for a redacted report. (DE 66.) Plaintiff claims he is being deprived of the ability to defend himself on a misconduct report, which he claims is punishment "for speaking up about being raped[.]" (DE 66 at 1.) According to Plaintiff, on August 26, 2018, the MDOC concluded that there was "insufficient" information or evidence, not that the allegations were "unfounded." (*Id*.)[2] He claims that, on December 8, 2018, he had a hearing and was found "guilty," even though the MSP was waiting DNA results and "the ALJ had a report to that effect." (DE 66 ay 1-2.)

**D.    Order**

Upon consideration, the Court declines to take action upon Plaintiff's filings related to LMF (DEs 61, 62), because the MDOC's Offender Tracking Information System (OTIS) indicates that Plaintiff is currently incarcerated at URF and the remaining parties in this case are alleged to be employed at SMT. Additionally,

---

[2] Here, Plaintiff appears to be referring to MDOC PD 03.03.140 ("PRISON RAPE ELIMINATION ACT (PREA) AND PROHIBITED SEXUAL CONDUCT INVOLVING PRISONERS"), effective Apr. 24, 2017, ¶¶ AA, QQ, VV.

3

Plaintiff's request that the Court "LIFT the protective order" and "order a redacted copy of the report [to] be provided to [Plaintiff][,]" (DE 66 at 2), is **DENIED**. Assuming Plaintiff seeks a redacted copy of the "MDOC's investigational findings and reports regarding [Plaintiff's] PREA allegations against MDOC transportation staff[,]" (DE 66 at 1), Plaintiff's interests are adequately protected by the Court's modification of Plaintiff's counsel's appearance (DE 49) and the stipulated protective order (DE 48), which explains that "the documents generated in connection with a PREA investigation contain confidential information that is not subject to disclosure to the general public or the prison population and may raise safety and security concerns for MDOC staff, inmates, and facilities if released[,]" and permits counsel to view documents marked "CONFIDENTIAL- FOR ATTORNEY EYES ONLY." (DE 48 at 3-4.) Finally, to the extent that Plaintiff seeks the unredacted report for purposes of defending himself in a misconduct proceeding (presumably the one which culminated in the December 8, 2018 hearing and "guilty" finding), the instant civil case – which concerns the events of 2017 and SMT Defendants– may not be used for purposes of conducting discovery for another purpose or matter.

Dated: February 4, 2019          s/*Anthony P. Patti*
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on February 6, 2019, electronically and/or by U.S. Mail.

                                          s/Michael Williams
                                          Case Manager for the
                                          Honorable Anthony P. Patti