UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE ADAM GOLDMAN,

               Plaintiff

v.

LEE MCROBERTS,
MICHAEL DOSS,
ERICK VANDENBURG,
CHRISTOPHER WHITFORD,
SCOTT MCALLISTER,
JEROLD SCHNEIDER,
VERA CONERLY,
JAMIE BROCKWELL, and
RODNEY RICHARDSON,

               Defendants.

Case No. 2:17-cv-14093
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO RECUSE MAGISTRATE [JUDGE] (DE 80), DEEMING UNOPPOSED IN PART & DENYING IN PART PLAINTIFF'S MOTION TO REMOVE AND REASSIGN APPOINTED COUNSEL (DE 81), and GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW LIMITED APPEARANCE (DE 94)**

I.     **OPINION**

    A.     **The Instant Lawsuit involves Parnall Correctional Facility (SMT) Defendants.**

Plaintiff filed this lawsuit on December 19, 2017 against 17 Defendants.

(DE 1 at 2-5.) On March 26, 2018, the Court dismissed Plaintiff's claims against

1

eight of the named Defendants.  (DE 9.)  Each of the remaining nine Defendants is alleged to be employed at the Parnall Correctional Facility (SMT) in Jackson County in the Eastern District of Michigan.  (DE 1 at 2-5.)

**B.      Plaintiff's initial emergency report lead to a limited appearance of counsel.**

Plaintiff filed this lawsuit *in pro per*.  On August 9, 2018, Plaintiff filed an "emergency" filing, within which he claimed to have been sexually assaulted on July 26, 2018 and requested the appointment of counsel.  (DE 34 ¶¶ 8, 18.)

On September 17,  2018, attorney Daniel E. Manville entered a limited appearance "to engage in discovery."  (DE 42.)  Accordingly, my September 24, 2018 order conditionally granted Plaintiff's requests for the appointment of counsel (DEs 36, 37) for the purpose of engaging in discovery, but denied the requests without prejudice to being refiled after the completion of attorney Manville's service.  (DE 43 at 11-12.)

Shortly thereafter, I entered an order regarding Plaintiff's emergency report, which stated, in pertinent part, "Given Plaintiff's counsel's recent, limited appearance 'to engage in discovery[,]'… the prudent approach is [to] have Plaintiff address his emergency concerns … with his counsel, so that his attorney may investigate further, conduct any necessary discovery and file an appropriate motion if Court action is necessary."  (DE 44 at 2.)  On October 12, 2018, Plaintiff notified

the Court of his dissatisfaction with Attorney Manville and, concurrently, sought to act as co-counsel. (DE 45). Counsel filed a response, after which I entered an order that, *inter alia*, clarified counsel's role in this litigation and permitted Plaintiff to act as co-counsel. (DEs 46, 49.) The order modified the scope of Attorney's Manville's original appointment to be "only for discovery purposes for matters related to Plaintiff's allegations of sexual assault." (DE 49 at 2.)

### C. Plaintiff's second emergency report was addressed by the Court on November 26, 2018.

On October 31, 2018, Plaintiff filed another emergency report, and this one was written on toilet paper. (DE 50.) The Court required non-party MDOC to file a response, which it did on November 15, 2018. (DEs 51,55.) Eleven days later, on November 26, 2018, I entered the following text-only notice: "The Court has reviewed Defendant's response and supporting affidavit . . . and i[s] satisfied that no further action is necessary, as the issues raised in Plaintiff's Emergency Report . . . are moot[.]"

Plaintiff's reply, dated November 27, 2018, was filed in this case on November 30, 2018. (DE 60.) Plaintiff later sent a letter to the Court, which, among other things, took issue with the fact that the Court's determination did not take his reply into consideration. (DE 63 at 1.) However, on February 6, 2019, that particular filing was stricken from the record, instructing Plaintiff for the

second time that letters are an inappropriate method of communicating with the Court.

**D.     Thirteen (13) Motions are Pending in this Case.**

Judge Drain has referred all pretrial matters in this case to me.  (DE 53.)  At the present moment, there are twelve pending matters, three of which will be addressed here:

1.     Plaintiff's motion to recuse Magistrate [Judge], dated February 25, 2019, post-marked February 26, 2019, and filed on March 1, 2019 (DE 80)

2.     Plaintiff's motion to remove and reassign appointed counsel, dated February 25, 2019, post-marked February 27, 2019, and filed on March 4, 2019 (DE 81)

3.     Plaintiff's counsel's March 28, 2019 motion to withdraw limited appearance (DE 94)

The nine other pending motions will be addressed under separate cover.  (DEs 70-74, 84, 88, 89, 91.)

**E.     Discussion**

**1.     Plaintiff's motion to recuse Magistrate [Judge] (DE 80)[1]**

---

[1] The title *magistrate* no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990.  Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge.").  *See* Ruth Dapper, *A Judge by Any Other Name? Mistitling of the United States Magistrate Judge*, 9 Fed. Courts L. Rev. 1 (2015).  Thus, the word "magistrate" is no longer appropriately used as a noun in federal courts, but only as an adjective, indicating the *type* of judge to which one is referring.  I note

Plaintiff claims that the Undersigned "should be recused." (DE 80 at 6.)

Presumably, Plaintiff makes this request pursuant to 28 U.S.C. § 455

("Disqualification of justice, judge, or magistrate judge"), Subsection (a) of which

provides: "Any justice, judge, or magistrate judge of the United States shall

disqualify himself in any proceeding in which his impartiality might reasonably be

questioned." To the extent Plaintiff relies upon this statute, he has not shown why

my "impartiality might reasonably be questioned," nor am I aware of any facts that

would undermine the appearance of my impartiality.

Plaintiff has experience with a recusal request. In a prior lawsuit, he sought

recusal of the district judge, which the judge denied. Case 1:16-cv-01372-PLM-

PJG (W.D. Mich.) (DEs 11, 12.) On appeal, the Sixth Circuit concluded that "the

district judge did not err by failing to recuse himself under 28 U.S.C. § 455."

*Goldman v. Consumers Credit Union*, No. 17-1700, 2018 WL 3089811, at *5 (6th

Cir. Feb. 14, 2018). In so doing, the Sixth Circuit explained that "[j]udicial rulings

almost never serve as a valid basis for recusal and are most often simply grounds

---

that the case law also sometimes uses the term "magistrate," perhaps because some
cases may involve "magistrates" as defined under pertinent *state* law, but at other
times just out of carelessness in reference to federal magistrate judges. In the latter
case, it is the equivalent of calling a district judge "district," a bankruptcy judge
"bankruptcy," or a circuit judge "circuit." Nevertheless, where it is misused in the
case law, I opt in favor of accurate quotations, rather than making clunky,
bracketed corrections.

for appeal." *Goldman*, 2018 WL 3089811, at *5 (referencing *Liteky v. United States*, 510 U.S. 540, 551, 555 (1994)).

In his present motion to recuse, Plaintiff claims that I appear to be "picking and choosing which [filings] to accept, and which to order 'stricken[.]'" (DE 80 ¶ 3.) Plaintiff suggests I am partial against him, that I side with Defendants, that I favor attorneys, and that I side with the MDOC, and he goes so far as to suggest that I am complicit in some of the things that have happened to him. (DE 80 ¶¶ 4, 6-8.) To be clear, Plaintiff is a prolific filer, and the Undersigned has already filed a multitude of orders, as well as a report and recommendation, to keep up with Plaintiff's myriad requests. (*See*, *e.g.*, DEs 11, 43, 44, 47, 49, 58, 59, 65, 69.) Ordinarily, parties who challenge a Magistrate Judge's order or report and recommendation do so by filing an objection. *See* 28 U.S.C. § 636(b)(1). It appears that Plaintiff has only taking this approach on one occasion thus far in this lawsuit.[2] To the extent Plaintiff takes issue with the Court's construction of his filings, challenges the Undersigned's orders, or claims that any such orders are inconsistent (*see* DE 80 ¶¶ 2-6, 9), his recourse is to file a timely objection as

---

[2] On January 29, 2019, Judge Drain entered an order (DE 67), which: **(a)** affirmed my November 27, 2018 opinion and order (DE 58) denying Plaintiff's motion to sanction and disqualify the attorney general (DE 35); and, **(b)** overruled Plaintiff's objection (DE 64).

provided for in 28 U.S.C. § 636 ("Jurisdiction, powers, and temporary assignment").

Plaintiff also points out that his emergency report (DE 50) was decided by a text-only notice on November 26, 2018, after taking into consideration Defendants' November 15, 2018 response (DE 55) but without recognizing Plaintiff's November 30, 2018 reply (DE 60). (DE 80 at 3 ¶ 4.) Additionally, he points out that, because there was no case management scheduling order, he did not know he could conduct discovery until he received the Court's February 6, 2019 order (DE 69). (DE 80 at 3 ¶ 5.) Simply put, none of this is a basis for recusal. Moreover, for the sake of argument only, if I have been inconsistent in deciding which of Plaintiff's sundry later requests should be construed as motions and which should be stricken as impermissible letters, the inconsistency has *favored Plaintiff* by, *e.g.*: (a) liberally construing and considering documents filed in an otherwise impermissible form; (b) expansively considering matters which seriously strain the reasonable boundaries of the actual issues pleaded in this lawsuit; and, (c) even appointing counsel to investigate Plaintiff's allegations of sexual assault at an early stage in these proceedings. Furthermore, Plaintiff appears to be requesting a change in judicial officer because he is dissatisfied with my rulings and recommendations, but that is not a basis for recusal. *See, e.g., Wilson v. Lane*, No. 95-4185, 1996 WL 185788, *2 (6th Cir. Apr. 17, 1996) ("The

district court did not abuse its discretion by denying Wilson's motion for recusal because Wilson's allegations of judicial bias are based wholly on his dissatisfaction regarding the court's rulings in this case and other unspecified proceedings."); *see also, Ray v. Oakland Cty. Drain Comm'n*, 115 F. App'x 775, 778 (6th Cir. 2004) ("There is no evidence in the record indicating that the district court judge was biased.") and *Hammond v. City of Troy*, No. 15-12051, 2016 WL 750676 (E.D. Mich. Feb. 26, 2016) (Whalen, M.J.) (denying motion to disqualify himself and explaining that motions for recusal under Section 455 may not be based upon the content of rulings or conduct which is not extrajudicial).

### 2. Plaintiff's motion to remove and reassign appointed counsel (DE 81)

Plaintiff seeks to remove Attorney Manville from the instant case and reassign him to *Goldman v. Elum, et al.*, Case No. 2:19-cv-10390-GAD-SDD (E.D. Mich.) (DE 81.) Plaintiff claims to have filed the new case "for the economy of Appointed Counsel's appointment in the case proper." (DE 81 at 2.)

Attorney Manville has filed a response, wherein he describes the efforts he took on Plaintiff's behalf, which included serving subpoenas upon Baraga Correctional Facility (AMF), Ojibway Correctional Facility (OCF), the Michigan State Police (MSP), the MDOC, and D/Sgt. Glen Gauthier. (DE 82 at 2-3 ¶¶ 4-5.) Counsel reports that, "[a]fter reviewing the documents received by the Clinic on

behalf of the Plaintiff as a result of conducting discovery, and the DNA results[,]" counsel "has completed conducting discovery . . . ." (DE 82 ¶ 12; *see also* DE 82 ¶¶ 6-9.)

In his reply, Plaintiff challenges the adequacy of counsel's efforts to conduct discovery or investigate the events of July 26, 2018 (DE 87); nevertheless, in the end, Plaintiff "seconds" counsel's motion – presumably referring to Attorney Manville's response – and requests that the Court "order an investigation by the F.B.I. [Federal Bureau of Investigation][.]" (DE 87 at 4.) Upon consideration, Plaintiff's motion to remove and reassign appointed counsel (DE 81), as reframed by his reply (DE 87), is deemed unopposed as to Counsel's request to withdraw but is denied to the extent it seeks an investigation by the FBI. It is further denied to the extent that it seeks to reassign Mr. Manville to *Goldman v. Elum, et al.*, Case No. 2:19-cv-10390-GAD-SDD (E.D. Mich.), as the Court lacks authority to do so.

### 3. Plaintiff's counsel's motion to withdraw limited appearance (DE 94)

My online practice guidelines provide special requirements for motions to withdraw as counsel, including that any such motion "must contain a written certification that the motion was served upon the client(s) of the withdrawing attorney." *See* www.mied.uscourts.gov. Counsel's motion certifies that "a copy of this motion was mailed to Plaintiff at the mailing address listed on PACER." (DE

94 at 3.)  Significantly, Plaintiff agrees that Mr. Manville should be removed from the case at bar (DE 81), and, as noted in the immediately preceding paragraph, Plaintiff seems to agree with counsel's response, presumably the request for an order "allowing counsel to withdraw from representation of Plaintiff in all matters."  (DE 82 at 4, DE 87 at 4).

Upon consideration of counsel's motion, including his representations that, on March 21, 2019, he "received the DNA results of the investigation conducted by the Michigan State Police[,]" and he has "forwarded the results of the investigation to the Plaintiff by mail[,]" the Court agrees that counsel's "limited appointment has been completed."  (DE 94 at 2 ¶¶ 4-5.)

## II.    ORDER

Accordingly, Plaintiff's motion to recuse magistrate [judge] (DE 80) is **DENIED**.  Plaintiff's motion to remove and reassign appointed counsel (DE 81), as reframed by his reply (DE 87), is **GRANTED AS UNOPPOSED IN PART** and **DENIED IN PART**, as explained above**.**  Finally, Plaintiff's counsel's motion to withdraw limited appearance (DE 94) is **GRANTED**, and Attorney Manville is relieved of any further responsibility in this case.

Dated:  April 5, 2019          s/*Anthony P. Patti*
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on April 5, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
