UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE ADAM GOLDMAN,

    Plaintiff,

Case No. 17-cv-14093
Hon. Gershwin A. Drain

v.

HATATU ELUM, *et al.*,

    Defendants.
_____/

**<u>ORDER VACATING *IN FORMA PAUPERIS* STATUS, DISMISSING ACTION PURSUANT TO 28 U.S.C. §1915(g), ENJOINING PLAINTIFF, FINDING ECF NOS. 105, 118, 119, 120, 121, 123 AND 124 MOOT AND DIRECTING CLERK'S OFFICE TO IMPOSE PRE-FILING RESTRICTIONS CONSISTENT WITH THIS ORDER</u>**

**I.    INTRODUCTION**

Plaintiff Lance Goldman, a litigious state prisoner, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on December 19, 2017 alleging that various employees of the Michigan Department of Corrections (MDOC) violated his constitutional rights. The Court granted Plaintiff's Application to Proceed *in forma pauperis* on January 22, 2018.

Upon review of this matter, the Court finds that this matter must be dismissed pursuant to the "three strikes" provision of 28 U.S.C. 1915(g) because at the time Plaintiff filed the instant complaint he had previously filed at least three

1

cases that were dismissed as frivolous or for failure to state a claim and he was not under imminent danger of serious physical injury.

**II.   LAW & ANALYSIS**

The Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104 134, 110 Stat. 1321(1996), requires a prisoner who "brings a civil action or files an appeal in forma pauperis . . . to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). Section 1915 provides prisoners the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Miller v. Campbell*, 108 F.Supp.2d 960, 962 (W.D. Tenn. 2000); *see also* 28 U.S.C. § 1915(b).

The Act prevents prisoners from proceeding in forma pauperis in a civil action under certain circumstances. District courts must dismiss a case where the prisoner seeks to proceed in forma pauperis and on three or more previous occasions a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g).

This "three strikes" provision, "prohibits prisoners who have brought multiple frivolous appeals from receiving pauper status." *Coleman v. Tollefson*, 733 F.3d 175, 176 (6th Cir. 2013), *as amended on denial of reh'g and reh'g en*

*banc* (Jan. 17, 2014), *aff'd*, 135 S. Ct. 1759 (2015). This ban extends to both "appeals and actions." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 495 (6th Cir. 2012). A prisoner who is thus prohibited from proceeding as a pauper must pay the filing fee in full "before his action may proceed." *Butler v. United States*, 53 F. App'x 748, 749 (6th Cir. 2002). A prisoner who would otherwise qualify for a "three-strikes" dismissal may still proceed on a new complaint, if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Here, the Court permitted Plaintiff to proceed *in forma pauperis* in error because on the date that Plaintiff brought the instant action, he had previously filed at least three federal actions that were dismissed as frivolous, malicious or for failing to state a claim. *Goldman v. Michigan*, No. 1:17-CV-774, 2017 WL 4173509, at *4 (W.D. Mich. Sept. 21, 2017) (failure to state a claim), *reconsideration denied*, 2017 WL 6805682 (W.D. Mich. Nov. 7, 2017); *Goldman v. Consumers Credit Union*, No. 1:16-CV-1372, 2017 WL 1404862, at *1 (W.D. Mich. Apr. 20, 2017) (failure to state a claim); *Goldman v. N.C. Prisoner Legal Svcs.*, No. 5:13-ct-03158-F (E.D.N.C. Oct. 9, 2014) (frivolous); *Goldman v. Johnson*, et al., No. 5:11–CT–3031–D (E.D.N.C. Sept. 16, 2011) (frivolous).

The Sixth Circuit's decision in *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580 (6th Cir. 2013), guides the evaluation of a claim of imminent danger. First, while a plaintiff need not "affirmatively prove those allegations at this stage

of the litigation," *id.* at 585 (quoting *Tucker v. Pentrich*, 483 Fed.App'x. 28, 30 (6th Cir.2012)), the statutory exception claim is still subject to "the ordinary principles of notice pleading." *Id.* (citing *Vandiver v. Vasbinder*, 416 F. App'x 561, 562 (6th Cir. 2011)); *see also* Fed.R.Civ.P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief"). Pro se plaintiffs are entitled to have their pleadings liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Vandiver v. PHS, Inc.*, 727 F.3d at 585 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Read against that standard, a plaintiff's complaint must "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [the plaintiff] was under an existing danger at the time he filed his complaint." *Id.* (quoting *Taylor*, 508 Fed. App'x at 492).

The threats or conditions must be alleged to be "real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Id.* (citing *Rittner v. Kinder*, 290 Fed. App'x 796, 797 (6th Cir. 2008)). Past dangers do not qualify. *Id.* (citations omitted). In addition, "the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists." *Id.* Courts will not find the exception met when the imminent danger claims are "conclusory or ridiculous or are clearly baseless (i.e. are fantastic or delusional and

rise to the level of irrational or wholly incredible)." *Id.* (quoting *Rittner*, 290 Fed. App'x at 798).

Plaintiff's complaint fails to establish imminent danger. Plaintiff's complaint alleges First Amendment retaliation against several employees at the MDOC's Parnall Correctional Facility. Plaintiff maintains that Defendants issued him false misconduct tickets because of Plaintiff's grievance writing. While Plaintiff alleges that one of the Defendants threatened him for grievance writing by warning him if he kept it up, "he'd pay for it," this is a vague threat that does not necessarily threaten physical harm. Because Plaintiff has filed at least three previous lawsuits that were dismissed as frivolous or for failure to state a claim while he has been incarcerated and Plaintiff cannot establish imminent danger, his Complaint is subject to dismissal under 28 U.S.C. § 1915(g). *See Gresham v. Stewart*, No. 13-10189, 2017 U.S. Dist. LEXIS 2498 (E.D. Mich. Jan. 9, 2017) (noting that "courts are permitted to revoke previously granted *in forma pauperis* status if it later becomes evident that the original IFP status should not have been granted.")(internal quotation marks and citation omitted).

Additionally, the Court finds it appropriate to address Plaintiff's abusive and harassing litigation strategies. Plaintiff is not only a well-known litigant in this district, but other districts as well. He has filed at least 11 cases in this district alone with a total of at least 45 cases in various federal district courts throughout

the country. ECF No. 119, PageID.1337. Moreover, in these proceedings, Plaintiff has ignored and disobeyed orders of this Court. Since the inception of this lawsuit, Plaintiff has filed at least 52 motions and/or letters, the majority of which do not relate to the allegations in the original complaint. By August of 2018, Plaintiff sought to amend his complaint to add allegations that would expand the scope of the original filing on at least five separate occasions. ECF No. 43. Because of this, Magistrate Judge Anthony Patti cautioned Plaintiff in September of 2018 that "any attempt to expand the scope of his original complaint without the Court's permission will be stricken from the record. This would include events occurring before June 26, 2017 or after his December 19, 2017 original complaint was filed, as well as any additional Defendants and locations associated with an expanded time period." *Id*. at PageID.657. Magistrate Judge Patti permitted Plaintiff an opportunity to amend his original complaint as long as it complied with these parameters. *Id*. Plaintiff failed to submit an amended complaint. ECF No. 69, PageID.859.

Despite Magistrate Judge Patti's warning, between September of 2018 and April of 2019, Plaintiff submitted at least ten filings in contravention of Judge Patti's warning that the scope of this matter would not be expanded to include incidents occurring at different correctional facilities against different defendants

and outside of the relevant time period. *See* ECF Nos. 70-75, 78-79, 84, 88-89, 91 and 95.

As such, on April 5, 2019, Magistrate Judge Patti issued an order which states in relevant part:

> Given Plaintiff's history of numerous filings in this case, many of which do not relate to the scope of the instant lawsuit or fall within the venue of this Court, any future filings/requests initiated by Plaintiff in this case **SHALL** be limited to: **(1)** the above-defined scope of the instant lawsuit, *i.e.*, Plaintiff's original complaint as it relates to the SMT Defendants; and, **(2)** one-page in length, within which Plaintiff may explain either his request or his need to file a motion detailing his request. The Defendants will then have one week within which to make a one-page response, if they so choose. Based on these single page submissions, the Court will determine whether leave to file a more fully briefed motion is warranted, and, if leave is warranted, the length of any briefing which will be permitted. Any further filings from Plaintiff which exceed either of these requirements, or which are not filed in accordance with any leave granted by this Court, will be **STRICKEN**.

ECF No. 97, PageID.1176.

Again, in contravention of Magistrate Judge Patti's Order, Plaintiff has continued to file motions outside the scope of this lawsuit, as well as without first filing a one-page request to do so. *See* ECF No. 99 (seeking injunctive relief against MDOC employees that are not defendants in this action and concerning incidents occurring at a different correctional facility); ECF No. 101 (motion to supplement requesting supplementation of facts associated with proposed defendants employed at a different facility and that occurred subsequent to the

7

original complaint); ECF No. 102 (seeking to supplement with allegations concerning events that occurred at a different facility); ECF No. 105 (same).

It is well settled that district courts have the authority to retroactively revoke *in forma pauperis* status upon a finding that a prisoner-litigant has abused the *in forma pauperis* privilege. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998) (recognizing that "the federal courts themselves have long been authorized to revoke a prisoner's ability to proceed *in forma pauperis* upon determining that the litigant was taking unfair advantage of IFP procedures."). Additionally, the Sixth Circuit permits district courts to impose prefiling restrictions where a litigant continuously files abusive litigation. "While this court cannot absolutely forbid an individual from imitating an action or pursuing an appeal in federal court, the court may impose pre-filing restrictions on an individual with a history of repetitive or vexatious litigation." *Shepard v. Marbley*, 23 F. App'x 491, 493 (6th Cir. 2001).

Accordingly, the Court enjoins Plaintiff from filing any future complaint that contains claims arising out of more than a single transaction. Prior to filing any future complaint, Plaintiff must file an "Application Pursuant to Court Order Seeking Leave to Proceed in Forma Pauperis under 28 U.S.C. § 1915(g)." The application must contain specific factual allegations demonstrating that Plaintiff is "under imminent danger of serious physical injury," and describe the relationship between the alleged imminent danger to the claims contained in his proposed
8

complaint. Failure to comply with this Order will result in summary dismissal of the proposed complaint.

## III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's *in forma pauperis* [#4] status is HEREBY VACATED.

IT IS FURTHER ORDERED that Plaintiff's cause of action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. 1915(g). Plaintiff may refile this action only with payment of the filing fee.

IT IS FURTHER ORDERED that Plaintiff is ENJOINED from filing any new complaints in this district without first applying for and obtaining leave from the presiding judge of this Court. Plaintiff must file an "Application Pursuant to Court Order Seeking Leave to Proceed *in Forma Pauperis* under 28 U.S.C. § 1915(g)." The Application must contain specific factual allegations demonstrating that Plaintiff is "under imminent danger of serious physical injury," and describe the relationship between the alleged imminent danger to the claims contained in his proposed complaint. Failure to comply with this Order will result in summary dismissal of the proposed complaint.

IT IS FURTHER ORDERED that ECF Nos. 105, 118, 119, 120, 121, 123 and 124 are MOOT.

IT IS FURTHER ORDERED that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For the same reason, leave to proceed in forma pauperis is DENIED.

IT IS FURTHER ORDERED that the Clerk's Office is DIRECTED to IMPOSE the pre-filing restrictions set forth in the instant Order.

SO ORDERED.

Dated: December 13, 2019  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 13, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager